[Civ. No. 2432. Fourth Appellate District.—June 19, 1939.]

WALTER HOLUBAR, Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

John L. Bisher, Jr., for Petitioner.

Earl Redwine, District Attorney, and Roy W. Colegate, City Attorney (Palm Springs), for Respondents.

BARNARD, P. J.—This is a proceeding to review an order of the Superior Court of Riverside County dismissing an appeal taken to that court from a judgment of the city court of the city of Palm Springs.

The petitioner was charged with a violation of a building ordinance passed and adopted by the city council of Palm Springs on June 8, 1938, in that he had proceeded with the erection of a building in that city without first having obtained a certain permit as required by that ordinance. A jury found him guilty. The evidence at the trial was taken down by a duly appointed official reporter *pro tem* of the Superior Court of Riverside County, who was duly sworn by the judge of the city court at the beginning of the trial. Judgment was entered on December 2, 1938, imposing a fine of $101 on petitioner.

A written notice of appeal was filed on December 2, 1938, and another such notice on December 7, 1938. On December 7th, there was filed a transcript of all testimony taken at the trial, certified as correct by the person who had acted as reporter. On the same day a notice of the filing of such transcript was served on the city attorney and filed. On the same day, a proposed statement on appeal was served and filed, in attempted compliance with rule 4 of the judicial council rules governing criminal appeals to the superior court from municipal and inferior courts. On December 12th, the city attorney served and filed proposed amendments to the statement on appeal, suggesting the addition of two matters. Thereafter, the trial judge served notice fixing January 3, 1939, as the date for settlement of said transcript and statement on appeal. On that day the city attorney filed objections to the proposed statement on appeal and to the proposed transcript on the grounds that the proposed statement "does not set forth any other evidence or other proceedings necessary for a decision upon the appeal", that the transcript was not that of an official reporter since there was no official reporter for said court, and that a copy of the transcript was not served on him. The matter was continued, and on January 18, 1939, the trial judge settled the statement on appeal and the transcript. On the same day the petitioner presented an engrossed statement on appeal and the transcript, which were certified as correct by the trial judge.

The pleadings, records and files of the city court in this case, including the transcript and statement on appeal, were filed in the superior court on January 24, 1939. When the matter came on for hearing on March 28, 1939, the court entered an order dismissing the appeal "on the ground that the defendant failed to file and serve a proposed statement on appeal within five days as required by Judicial Council rules". This proceeding to review that order followed.

The respondents contend that the appeal in question was ineffectual because the statement on appeal did not comply with that part of rule 4 of the judicial council rules which provides that such a statement shall set forth so much of the evidence as is necessary for a decision upon the points raised. It is further contended that the transcript which was filed could not be considered or taken as a part of the statement on appeal since that portion of rule 4 permitting the use of a transcript relates only to appeals from municipal courts and class A justices' courts, because only in those courts "is there such a thing as an official reporter". It is argued that since the law makes no provision for official reporters in class B justices' courts and city courts, the rule in question was not intended to permit the use of a transcript on an appeal from such a court. It is then argued that, in any event, a copy of the transcript was not served on the respondents.

With respect to the last point it may be noted that where the use of a transcript is authorized by rule 4 it is not required that a copy thereof be served on the other side, but merely that the respondent be notified of the filing thereof. It may well be questioned whether rule 4 was intended to limit the use of transcripts on such appeals in the narrow and technical manner ascribed to it by the respondents. While there is no provision of law establishing official reporters for such courts as the one from which this appeal was taken, it is equally true that there is no law forbidding the use of a reporter in such a court. Reporters who have qualified for service in the superior court are frequently used in such inferior courts and, when properly appointed and sworn in a particular case in such a court, it may well be questioned whether they are not official reporters within the meaning of this rule. The question suggested, however, need not be here decided if the statement on appeal was in itself sufficient.

The main question presented is whether that statement is so deficient, under the requirements of rule 4, as to make the attempted appeal ineffectual. Beyond stating that there was a failure to comply with this rule the respondents have furnished us with no assistance, and have failed to point out any respect in which the statement is deficient in this regard. The respondents' position seems to be that a transcript of the evidence cannot be permitted and that anything less than a full and correct transcript of the evidence is not a sufficient statement to enable the appeal to be decided. If the rules are to be thus strictly interpreted, the result is that no appeal may be taken from such a court.

Rule 4 provides that in such a statement the appellant shall specify the grounds of appeal "and set forth so much of the evidence and other proceedings as are necessary for a decision upon said grounds. Said grounds of appeal shall be stated with sufficient particularity to apprise the court and the opposing party of the rulings or other matters of which the appellant intends to complain, but this may be done by any general description calling attention to the points to be made, without specifying each separate ruling or other matter to be complained of. If one of the grounds of appeal is insufficiency of the evidence, the particulars in which it is insufficient shall also be stated." It is then provided that any evidence necessary to a consideration of the points raised shall also be set forth, but that any exhibit or paper on file with the trial court may be referred to by merely identifying it. In our opinion this rule requires not a full and complete statement of all the evidence received but merely a general statement of such portions of the evidence as are relied on to support the points raised.

The statement on appeal here in question, after two pages of preliminary matters, sets forth fourteen numbered paragraphs pointing out the grounds of appeal relied upon. In one of these, error is assigned in the giving and refusing of instructions, and in this respect the statement seems to fully comply with the requirements of rule 4. Four other grounds relate to alleged errors of the court which have no relation to the evidence and are obviously sufficient. Three more grounds allege errors of the court in excluding evidence offered by the petitioner. In each of these instances the evidence which was excluded is rather completely set

forth. The materiality of such evidence sufficiently appears from the allegations of the complaint and from certain of the exhibits, which are referred to. The fourteenth specification of error is the insufficiency of the evidence to justify the verdict. While the statement refers to the transcript in support of this ground, it also proceeds to set forth in general language certain evidence given on behalf of the people and certain evidence given on behalf of this petitioner which is relied upon as showing that no crime was committed.

The gist of this whole matter is that the petitioner contended that the ordinance in question was inapplicable to him because, prior to its adoption, he had secured another permit and begun actual construction of a building at considerable expense, and that the trial judge took the position that such facts were immaterial. In pronouncing judgment the trial court stated that the sole question for the jury was "Did the defendant or did he not proceed with the erection of his building without obtaining a permit under the Building Ordinance? Everything else was foreign to the issue." By his appeal the petitioner sought an opportunity to present this clear-cut issue to a higher court. If it be assumed that the transcript was no part of the statement on appeal, and further conceding that a few of the grounds set forth in the statement did not sufficiently outline the evidence necessary to their consideration, the fact remains that with respect to most of the grounds of appeal, including those raising the real points in issue, the statement on appeal sufficiently complied with all the requirements of rule 4. It follows that the respondent superior court exceeded its jurisdiction in dismissing the appeal without hearing and deciding the issues which were thus properly before it.

The order dismissing the appeal is annulled. It is further ordered that the original papers sent to this court by the judge of the city court of the city of Palm Springs, by way of return, be sent by the clerk of this court to the clerk of the Superior Court of Riverside County.

Marks, J., concurred.

A petition by respondents for a rehearing of this cause was denied by the District Court of Appeal on July 11, 1939, and

an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1939.